■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES MULLOOLY, Appellant.— Order, Supreme Court, New York County, entered July 10, 1972, revised by order of said court entered on October 18, 1972, reporting after hearing and finding that the People have failed to sustain their burden in respect of the defendant's mental capacity at the time of trial, and determining that the defendant lacked the mental capacity to stand trial, is approved and such finding and determination hereby confirmed; and the order of the Supreme Court, New York County, entered on March 26, 1970, denying a motion to set aside a judgment of conviction rendered on February 4, 1963, unanimously reversed, on the law and the facts, and the orders of the Supreme Court, New York County, entered on April 18, 1969 and May 26, 1969, respectively, denying defendant's motions to set aside judgment of conviction, unanimously reversed, on the law and the facts, and a new trial directed within 60 days of the publication of this order, upon the failure of which the indictment is dismissed and defendant discharged. Concur — McGivern, J. P., Nunez, McNally, Steuer and Eager, JJ.

■ In the Matter of JEANE GOLDSTONE et al., Appellants, v. CITY BUILDERS, INC., Respondent. In the Matter of EDWARD S. BOTWIN et al., Appellants, v. GUARANTEED REALTY, INC., Respondent. In the Matter of EDWARD S. BOTWIN et al., Appellants, v. UNITED BUILDING CORP., Respondent. PETER W. RACKLIN et al., Respondents.— Order, Supreme Court, Bronx County, entered September 13, 1972, staying the dissolution proceedings for three corporations pending determination of a dervative stockholders' suit, unanimously reversed, on the law and the facts, without costs and without disbursements, the motion denied and the stay vacated. The three corporations involved, own real estate parcels in New York and Bronx Counties. Two different families each own equal stock shares. The Racklin family has been in charge of operations since the death in 1966 of a member of the Goldstone family, because, with a deadlock between the two groups of shareholders, there was a failure to fill the Goldstone vacancy on the board of directors, which left the Racklin family in control. Special Term noted that while the parties were not all the same, the essential issue common to both litigations was the corporate assets subject to waste. Section 1104 of the Business Corporation Law with respect to dissolution in the event of deadlock applies. The derivative stockholders' action covers past activities, but the demand for dissolution also contemplates the future and ought not to be stayed for the resolution of the other aspect. (*Leibert* v. *Clapp*, 13 N Y 2d 313 ; *Matter of Garay* v. *Langer*, 37 A D 2d 545; *Gilbert* v. *Hamilton*, 35 A D 2d 715, affd. without opn. 29 N Y 2d 842.) The time for the defendant to answer in this dissolution proceeding is extended until 20 days after service upon respondents by appellants of a copy of the order entered herewith. Concur — McGivern, J. P., Nunez, Kupferman, McNally and Capozzoli, JJ.